**In re RX REALTY, INC., Debtor.**

No. 8:07–bk–08444.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 1, 2012.

Buddy D. Ford, Tampa, FL, for Debtor.

Benjamin E. Lambers, Timberlake Annex, Tampa, FL, for U.S. Trustee.

### ORDER DENYING GREG ANTONICH'S MOTION TO STAY ENFORCEMENT OF STATE COURT JUDGMENT

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

THIS CASE came on for consideration without a hearing on Greg Antonich's Mo-

tion to Stay Enforcement of State Court Judgment ("Motion").[1] Antonich seeks to stay enforcement of a judgment for costs entered against him by a state court in Volusia County, Florida. For the reasons discussed below, this Court does not have jurisdiction over Antonich's Motion. And even if it did, the Court is barred by the Full Faith & Credit Act and *Rooker–Feldman* Doctrine from overturning the state court judgment. Accordingly, Antonich's Motion is denied.

### Background

The Debtor filed this chapter 11 case on September 14, 2007. At the time it filed for bankruptcy, the Debtor was a defendant in a declaratory judgment action filed by International Speedway Corporation.[2] International Speedway apparently filed that action seeking a declaratory judgment that it did not owe the Debtor commissions under a broker agreement. The Debtor eventually sought relief from the automatic stay so that it could pursue the state court action on Antonich's behalf.[3]

Antonich was a sales agent for the Debtor. Under his agreement with the Debtor, Antonich apparently was entitled to 95% of the commissions allegedly owed by International Speedway. So the Debtor alleged that Antonich was the real party in interest. The Court granted the Debtor's motion for stay relief. The Court's original stay relief order provided that the "automatic stay [did] not apply to any non-debtor parties" and that the stay was otherwise modified as to all parties except the Debtor.[4] That order, however, was later modified at the Debtor's request to permit the Debtor to take any action on behalf of Antonich necessary to obtain payment of any commissions.[5]

The Debtor later assigned to Antonich all of its right, title, and interests—and all of its obligations—under the agreement with International Speedway. That assignment specifically provides that Antonich "desires to accept said assignment and assume the obligations of [the Debtor] under the Agreement." More importantly, the assignment provides that Antonich "accepts the assignment of the Agreement . . . and agrees to assume and be responsible for all costs and attorneys' fees and any other monetary amounts associated with the [state court lawsuit]."

Antonich then participated in the state court lawsuit as a party, although the extent of his participation is somewhat unclear because Antonich only filed portions of the state court record with his Motion. From what the Court can tell, though, International Speedway sought to join Antonich as an indispensable party to the state court action it had filed, and the state court joined Antonich as a co-defendant to International Speedway's complaint and a co-plaintiff to the counterclaim filed by the other defendants. That counterclaim apparently sought the recovery of the real estate commissions based on contract and equitable claims. Antonich had apparently also filed a separate lawsuit against International Speedway that was later consolidated with International Speedway's claim.[6]

---

1. Doc. No. 119.

2. The state court action, filed in the Circuit Court for the Seventh Judicial Circuit, in and for Volusia County, was styled *International Speedway Corporation, et al. v. RX Realty, Inc., et al.*, Case No. 05–30087–CICI.

3. Doc. No. 29.

4. Doc. No. 41.

5. Doc. No. 51.

6. That action, also filed in the Circuit Court for the Seventh Judicial Circuit, in and for Volusia County, was styled *Greg Antonich, et al. v. International Speedway Corp., et al.*, Case No. 09–33449–CICI.

It appears that International Speedway ultimately prevailed on its complaint and the defendants' counterclaim. The state court entered a final judgment in favor of International Speedway on November 9, 2009. That judgment provided that International Speedway was entitled to recover its costs. Antonich opposed the entry of costs against him, claiming that he was only joined as an indispensable party to the state court action to "stand in the shoes" of the Debtor, and this Court had previously discharged the Debtor from any liability. Thus, Antonich argued, he cannot be liable for any costs. Nevertheless, the state court entered a final judgment for costs against Antonich in the amount of $6,119.50 on November 16, 2011.

Antonich now asks this Court to stay enforcement of the state court's final judgment against him. The basis for Antonich's Motion is largely the same argument that the state court previously considered and rejected. Antonich claims the Debtor's discharge in this case prohibited the state court from entering a final judgment against him in the state court action.

### Conclusions of Law

■■■ This Court does not have jurisdiction over Antonich's motion. Under 28 U.S.C. § 1334, bankruptcy courts only have jurisdiction over civil proceedings (i) arising under title 11; (ii) arising in a case under title 11; or (iii) related to a case under title 11.[7] Antonich's Motion does not implicate either of the first two grounds for jurisdiction. That only leaves the third basis—"related to" jurisdiction. A matter is "related to" a case under title 11 when its outcome could conceivably have any effect on the estate being administered in bankruptcy.[8]

Here, the outcome of Antonich's Motion could not conceivably have any effect on the administration of the Debtor's estate. To begin with, the Debtor's liquidating plan was confirmed almost four years ago,[9] and this case was closed on October 7, 2008. Moreover, Antonich does not claim that International Speedway is attempting to collect a judgment against the Debtor. In fact, the final judgment attached to Antonich's Motion—the final judgment Antonich seeks to stay—does not even reference the Debtor. Accordingly, the Court does not have jurisdiction over Antonich's Motion.

■■■ And in any event, the Court cannot grant the relief Antonich seeks. In reality, Antonich wants this Court to act as an appellate court and reverse the state court final judgment. But the Court cannot do so for two reasons. First, under the Full Faith and Credit Act, "judicial proceedings ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken."[10] Second, under the *Rooker–Feldman* doctrine, lower federal courts—including this Court—have no jurisdiction to review state court judgments.[11] Therefore, the Court cannot

---

7. Section 1334, of course, confers jurisdiction on the federal district court. But the district courts have referred jurisdiction to bankruptcy courts under 28 U.S.C. § 157(a). *See In re Strawberry*, 2012 WL 244055, at *2 (Bankr. N.D.Fla. Jan. 25, 2012) ("District courts can refer to bankruptcy judges 'any or all proceedings arising under title 11 or arising in or related to a case under title 11' as has been done in all bankruptcy courts.")

8. *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir.1990).

9. Doc. No. 79.

10. 28 U.S.C. § 1738.

11. The *Rooker–Feldman* doctrine stems from the United States Supreme Court decisions in *Rooker v. Fidelity Trust*, 263 U.S. 413, 44 S.Ct.

grant the relief Antonich seeks even if it did have jurisdiction over this matter. Accordingly, it is

**ORDERED** that Antonich's Motion to Stay Enforcement of State Court Judgment is **DENIED.**

**DONE** and **ORDERED.**

149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). It is premised on both prudential grounds (namely the preservation of system consistency) and statutory grounds. *See* 28 U.S.C. § 1257 (giving the United States Supreme Court exclusive federal jurisdiction to review state court judgments); 28 U.S.C. §§ 1331 and 1334 (defining the jurisdiction of federal district courts as original, not appellate).